### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LABORERS' COMBINED FUNDS OF WESTERN PENNSYLVANIA, as agent for Philip Ameris and Paul V. Scabilloni, trustees ad litem, Laborers' District Council of Western Pennsylvania Welfare and Pension Funds, Western Pennsylvania Heavy & Highway Construction Advancement Fund, and the Laborers' District Council of Western Pennsylvania and its affiliated local unions,<br><br>     Plaintiff,<br><br>  v.<br><br>CASTEEL CORPORATION,<br><br>     Defendant. | Civil Action No. |

## **COMPLAINT**

1.  Jurisdiction of this action arises under §502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("**ERISA**"), 29 U.S.C. §1132 and §1145, and also under §301 of the Labor-Management Relations Act of 1947 ("**LMRA**"), 29 U.S.C. §185, in that Defendant Casteel Corporation has failed to submit to an audit and pay wage deductions and fringe benefit contributions to Plaintiff Funds in violation of a certain labor agreement entered into with a union affiliated with the Laborers' District Council of Western Pennsylvania and/or its affiliated local unions (hereinafter "**Union**"), an employee organization.

2.  Plaintiff Laborers' Combined Funds of Western Pennsylvania (hereinafter "**Funds**"), is a Pennsylvania non-profit corporation which maintains its principal place of business at 12 Eighth Street, 3rd Floor, Pittsburgh, Pennsylvania 15219-5140. Philip Ameris is an employee trustee and Chairman of the Boards of Trustees of the Laborers' District Council

of Western Pennsylvania Welfare and Pension Funds (hereinafter "**Funds**"). Paul V. Scabilloni is an employer trustee and Secretary of the Boards of Trustees of the Funds.

3. Plaintiff administers various fringe benefit funds and as a collection agent for such funds as well as certain employer associations and unions.

4. The Laborers' District Council of Western Pennsylvania in its own behalf and on behalf of its local affiliated unions and the Western Pennsylvania Heavy & Highway Construction Advancement Fund have designated Plaintiff Funds as their agent for the collection of monies required to be paid by employers to the Laborers' District Council Industry ("**Industry Fund**") and Dues Deduction Funds ("**Dues Fund**").

5. The Trustees of the Funds, which are employee fringe benefit plans established and maintained within the meaning of ERISA, have designated Plaintiff Funds as their agent for the collection of contributions to the Funds on behalf of the trustees, participants, and beneficiaries of said Funds.

6. Defendant Casteel Corporation ("**Contractor**") was engaged in the construction business and maintains its principal place of business at 127 Atlas Crossing, Uniontown, Pennsylvania 15222.

7. Defendant Contractor has entered into a labor agreement ("**Agreement**") with the Laborers' Union pursuant to which Defendant Contractor was obligated to submit certain monthly payments to Plaintiff Funds for pension, welfare, industry and dues for the benefit of employees covered under such Agreement.

8. Pursuant to the aforesaid Agreement and the provisions of ERISA, Plaintiff has the right to examine and audit Defendant Contractor's books and payroll records to determine whether or not Defendant Contractor has made proper deductions, contributions, payments and remittances for all employees covered by the Agreement.

9. In violation of the Agreement, Defendant Contractor has failed to submit such reports and has refused to make available its books and payroll records for an audit.

Plaintiff is unable to accurately determine what amounts are due under the Agreement without receipt of such reports and the performance of such an audit.

10. Pursuant to the Agreement, the applicable Fund trust agreements and the provisions of ERISA, Defendant Contractor is also obligated to Plaintiff for all reasonable auditing and attorney's fees and other legal expenses incurred in securing said audit and in collecting any delinquencies determined to be owed by Defendant Contractor as a result thereof.

11. Plaintiff is without an adequate remedy at law and will suffer immediate, continuing and irreparable injury and damage unless Defendant Contractor is ordered to specifically perform under the federal statutes and the Agreement herein described and is restrained from continuing to refuse to perform as thereunder required.

WHEREFORE, Plaintiff demands the following relief against Defendant Contractor:

(a) A preliminary and/or permanent injunction enjoining Defendant Contractor from violating the terms of such agreement and directing said Defendant Contractor to make immediate payments of all monies past due and timely payments of all monies to become due to Plaintiff Funds pursuant to said agreement, and enjoining Defendant Contractor from disposing of assets; and

(b) For Defendant Contractor to be required to file complete reports with Plaintiff Funds covering all aspects of such defendant Contractor's business operations through the present; and

(c)  For Defendant Contractor to be required in compliance with said Agreement to present for inspection and/or copying all payroll, tax and other records pertaining to hours worked by such defendant Contractor's employees from June 1, 2017 to the present to enable Plaintiff to verify the accuracy of the amounts paid and/or due and owing to the Plaintiff; and

(d)  For a money judgment in favor of Plaintiff and against Defendant Contractor in the sum of all amounts shown to be owed as a result of any audit performed by Plaintiff or report filed by Defendant Contractor; plus interest on the principal amount at the rate of one and one-quarter (1¼%) percent per month; liquidated damages/late charges at ten (10%) percent times the principal amount owed by Defendant; reasonable auditing fees and attorneys' fees equal to twenty (20%) percent of the total delinquency, but not less than One Thousand Dollars ($1,000.00); plus costs of suit; and

(e)  For the Court to retain jurisdiction of the case pending compliance with its orders; and

(f)  For such other and further relief as the Court may deem just.

TUCKER ARENSBERG, P.C.

*/s/ Jeffrey J. Leech*
Jeffrey J. Leech, Esquire
PA ID No. 19814
jleech@tuckerlaw.com
Neil J. Gregorio, Esquire
PA ID No. 90859
ngregorio@tuckerlaw.com
Ian M. Grecco, Esquire
PA ID No. 324372
igrecco@tuckerlaw.com
Attorneys for Plaintiff
1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212